UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:01CV-137-EHJ

KRISTIE R. MARTIN, Individually,
as Guardian and Next Friend for
JONAS HOOVER MARTIN,
as Next Friend for
MEGAN ANN-MARIE MARTIN,
and as Next Friend for
CASSIDY LYNN MARTIN                                                          PLAINTIFFS

v.

CELADON TRUCKING SERVICES, INC. and
JOHN ZIMMERMAN                                                                DEFENDANTS

## OPINION

This matter is before the Court upon plaintiffs' Motion to Place this Case Back on the Active Docket under Fed.R.Civ.P. 41(a)(1)(ii) and request for relief pursuant to Fed.R.Civ.P. 60(b), and the defendants' opposition and responses thereto. For the following reasons, the plaintiffs' motions are denied.

## PROCEDURAL BACKGROUND

This case was dismissed without prejudice on December 10, 2001 pursuant to Fed.R.Civ.P. 41(a)(1)(ii) by Stipulation of Dismissal signed by counsel for all parties and Kristie Martin as guardian of Jonas Martin. The Stipulation of Dismissal stated as follows: "The parties, by their respective counsel and pursuant to Fed.R.Civ.P. 41(a)(1), hereby stipulate to the dismissal of the above-referenced matter, without prejudice."

On November 17, 2004 a verified pleading entitled "Plaintiff's Motion to Place this Case Back on the Active Docket" was filed by Jonas H. Martin individually.[1] Therein, it was explained that Jonas Martin had suffered a brain injury in the subject accident necessitating that his wife Kristie Martin be named his guardian, that he had undergone extensive treatment and rehabilitation for his condition, that his condition had improved such that the guardianship was terminated on May 10, 2004, and that he now "remembers that his light was green at all material times herein." Docket Entry 14, page 4.

On November 29, 2004, defendants filed a responsive pleading entitled "Defendants' Opposition to Plaintiffs' Motion to Place this Case Back on the Active Docket" opposing reinstatement of the case upon this Court's docket on the basis of the Fed.R.Civ.P. Rule 41(a)(1)(ii) stipulation of dismissal previously entered in the case. Defendants argue that a voluntary dismissal by stipulation immediately terminates an action and the court's jurisdiction upon its filing, citing *Hinsdale v. Farmers National Bank and Trust Co.*, 823 F.2d 993, 995 (6th Cir. 1987), and other cases applying Rule 41. Defendants contend that once the stipulation of dismissal was filed, the Court lost jurisdiction to reinstate the plaintiffs' cause of action.

Plaintiffs filed a subsequent response entitled "Plaintiffs' Response to Defendants' Opposition to Plaintiff's Motion to Place this Case Back on the Active Docket," suggesting that the

---

[1] Jonas Martin's claim was previously before this Court by and through his guardian and wife, Kristie Martin. Mr. Martin's verified Motion to reinstate the case on the active docket is styled only Jonas H. Martin v. Celadon Trucking Services, Inc. and John Zimmerman. It would appear that this initial motion was requesting reinstatement of only Mr. Martin's claims before this Court. In the subsequent pleading, the title and style of the action include all of the party plaintiffs, and is denoted as Plaintiffs' response (plural possessive). However, the arguments appear to be limited to reinstatement of Mr. Martin's claims only, as there is no discussion pertaining to the loss of consortium claims of Kristie, Megan, and Cassidy Martin also dismissed in the December 10, 2001 Stipulation of Dismissal.

2

Court maintained jurisdiction to reinstate the case because the dismissal was "without prejudice." The plaintiffs alternatively urge the Court to set aside the dismissal under Fed.R.Civ.P. 60(b) on the grounds of either subpart (2) newly discovered evidence, or subpart (6) other reasons justifying relief. Defendants then filed a "Surreply to Plaintiffs' Response to Defendants' Opposition to Plaintiffs' Motion to Place this Case Back on the Active Docket," arguing that plaintiffs' motion for Rule 60(b) relief under subpart (2) is time-barred, and that their request for relief under subpart (6) does not meet the extraordinary circumstances test.

## ANALYSIS

Jurisdiction and Fed.R.Civ.P. 41(a)(1)(ii) – Voluntary Stipulation of Dismissal

Before addressing the merits of plaintiffs' motions, it is necessary to determine whether this Court retains jurisdiction to consider them. This action was dismissed without prejudice by stipulation of the parties pursuant to Fed.R.Civ.P. 41(a)(1)(ii). A stipulation of dismissal effectively terminates the action immediately upon its filing[2] and terminates the trial court's jurisdiction, *Hinsdale v. The Farmers National Bank & Trust Co.*, 823 F.2d 993, 995 (6th Cir. 1987).[3] As noted in 9 Wright & Miller, *Federal Practice and Procedure, Civil 2d*, §2367 at 321 (1995), a voluntary dismissal without prejudice leaves the situation as if the action never had been filed. The stipulation of dismissal thus concluded the entire case pending before this Court, resulting in dismissal of both the plaintiffs' claims and defendant Celadon's counterclaim. This is consistent with the Sixth

---

[2] A properly stipulated dismissal under Rule 41(a)(1)(ii) is self-executing and does not require judicial approval, *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993).

[3] It should be noted that the filing of the executed stipulation of dismissal was the self-executing, legally operative act of dismissal pursuant to Rule 41(a)(1)(ii), and this Court's subsequent entry of an order to the same effect was superfluous, *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997).

Circuit's decision in *Hinsdale*, this Court finds that an unconditional dismissal terminates jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by rule Rule 60(b) of the Federal Rules of Civil Procedure, *Id*. at 995-6, citing *McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985).

As in the present case, the plaintiffs in *Hinsdale* filed a motion before the court that was procedurally improper, given that the action had terminated upon the filing of the stipulation. Under the *Hinsdale* analysis, the proper procedure – once the litigation is terminated by dismissal – is for a party to move for relief in the district court to have the dismissal vacated pursuant to Fed.R.Civ.P. Rule 60(b). Because the dismissal in *Hinsdale* was not vacated nor the proceedings reopened, the Sixth Circuit found that the trial court was without jurisdiction to entertain the motion for enforcement filed by the plaintiff, *Id*. at 996. In the present case, however, plaintiffs' filing titled "Plaintiffs' Response to Defendants' Opposition to Plaintiffs' Motion to Place this Case Back on the Active Docket" raised Rule 60(b) issues, and this Court will therefore treat it as a Motion for Relief under Fed.R.Civ.P. 60(b) [see analysis below].

Plaintiffs contend that this Court retains jurisdiction to reinstate the case upon its docket because the stipulated dismissal was "without prejudice," and that such distinction makes the *Hinsdale* case inapplicable. This Court disagrees that the denotation of "without prejudice" in an unconditional dismissal (drafted by the parties, not the Court) operates to preserve jurisdiction. The Sixth Circuit has recognized that parties have an absolute right to voluntarily dismiss their claims under Rule 41(a)(1)(ii) without judicial approval, *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997). Furthermore, Justice Scalia noted in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) that as courts of limited jurisdiction, federal district

4

courts do not possess the inherent power to vindicate their own authority where parties enter into a voluntary agreement resolving their federal lawsuit, *Id*. at 377, 114 S.Ct. 1673, at 1674. Thus, the Court declines to reinstate the cause upon the docket on the basis put forth by plaintiffs, that the dismissal language "without prejudice" operated to maintain its jurisdiction over the case.

Plaintiffs further argue that Rule 41(a)(1)(ii) should not be construed to deprive a person under disability of the protection of the Court, relying upon *Green v. Nevers*, 11 F.3d 1295, 1301 (6th Cir. 1997) and *Crawford v. Loving*, 84 F.R.D. 80, 87 (E.D.Va. 1979). They point out that Mr. Martin was incompetent at the time the stipulation of dismissal was signed by his guardian and wife, Kristie Martin, and suggest that giving effect to the dismissal would essentially deprive Mr. Martin of his day in court, Docket Entry 17, page 3.

The *Green* and *Crawford* cases cited by plaintiffs involved cases in which settlement agreements had been reached, but the trial courts refused to allow entry of stipulations of dismissal. In *Green*, a trial court exercised its inherent power in properly refusing to permit a stipulation of dismissal under Rule 41(a)(1)(ii) which was executed by some, but not all, parties in the action. Therein, the Sixth Circuit noted that a court may exercise its inherent powers to look behind a settlement to determine whether there is collusion or improper conduct, and may decline to permit a voluntary dismissal to safeguard interests of persons entitled to the court's special protection, *Id*. at 1301.

In *Crawford*, the trial court refused to allow a settlement and stipulation of dismissal where they would result in depriving a person under a disability of the protection of the Court. That case involved the settlement of a 42 U.S.C. §1983 action by an incompetent state prisoner whose next friend agreed to an unfavorable settlement and stipulation of dismissal on his behalf. The district

5

court refused to allow the dismissal for numerous reasons, including the misconduct of the attorney representing Mr. Crawford, and the Commonwealth of Virginia Attorney General office's involvement in a surreptitious foray into state court for approval of the settlement to circumvent the federal court's review of the settlement.

The facts and circumstances in the present case differ significantly from those in *Green and Crawford*. Mr. Martin has not been deprived of the protections of the court by his wife and guardian Kristie Martin's entry of a stipulation of dismissal without prejudice. Furthermore, plaintiffs have identified no legally sufficient basis for the district court's retention of jurisdiction over the case. For these reasons, plaintiffs argument under Fed.R.Civ.P. 41(a)(1)(ii) must fail.

Fed.R.Civ.P. 60(b) – Relief from Judgment or Order

Because plaintiffs' second filing cites to Fed.R.Civ.P. 60(b), this Court will treat it as a request for relief under that rule. Fed.R.Civ.P. 60(b) gives the courts discretion to set aside a voluntary dismissal and to revisit final judgments in the interests of justice for reasons that include mistake, inadvertence, excusable neglect, newly discovered evidence, and misrepresentation. Plaintiffs argue that Mr. Martin's memory of the accident constitutes new evidence justifying relief under subpart (2) of the rule. However, plaintiffs also concede that the rule requires that a motion for relief based upon newly discovered evidence must be made within one year of the entry of the judgment or order. Mr. Martin's request for relief under subpart (2) of Rule 60(b) was not filed within the one year period prescribed by the rule, and must therefore be denied.

Plaintiffs also urge the application of Fed.R.Civ.P. 60(b)(6) as justification for relief of the stipulation of dismissal in this case. This provision is the "catchall" provision of Rule 60 which gives a court the power to vacate judgments or orders whenever necessary to accomplish justice, and

when the first five clauses do not apply. According to one commentator, Rule 60(b) relief is generally not given if substantial rights of the moving party have not been harmed, 11 Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d*, §2857, at 262 (1995). Additionally, in *Ackermann v. U.S.*, 71 S.Ct. 209, 211, 340 U.S. 193, 197, 95 L.Ed.2d 207 (1950), the United States Supreme Court indicated that relief under Fed.R.Civ.P. 60(b)(6) is reserved for cases involving "extraordinary circumstances," a view that has been adhered to by the 6th Circuit, see for example *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985) *cert. denied*, 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986). This Court is unpersuaded that the circumstances in this case arise to the "extraordinary circumstances" justifying relief under Rule 60(b)(6).

These determinations do not leave Mr. Martin without recourse. As in *Ackermann*, a party has a duty to take legal steps to protect his own interests. Mr. Martin may still re-file his action in a court of competent jurisdiction. This Court expresses no opinion, however, as to the viability of such an action, and this Opinion should not be read to affect the right of defendants to assert of any applicable defenses thereto.

For the foregoing reasons, the Court finds as follows:

1) This case was dismissed without prejudice on December 10, 2001 pursuant to Fed.R.Civ.P. 41(a)(1)(ii) by Stipulation of Dismissal signed by all parties, which effectively terminated both plaintiffs' and defendants' causes of action before this Court.

2) The Court has considered plaintiffs' Reply as a Motion for Relief pursuant to Fed.R.Civ.P. 60(b)(2), and denies same because the request for relief of the dismissal pursuant to subpart (2) is time barred, having been filed one year after the Stipulation of Dismissal was entered.

3)  The Court has also considered plaintiffs Reply as a Motion for Relief pursuant to Fed.R.Civ.P. 60(b)(6), and denies same because plaintiffs fail to meet the extraordinary circumstances standard set forth in *Ackermann v. U.S.*, 71 S.Ct. 209, 211, 340 U.S. 193, 197, 95 L.Ed.2d 207 (1950).

A separate Order accompanies this Opinion.